UNITED STATES of America,
Plaintiff-Appellee,

v.

Salvador G. SANTOS and Valerio
Santos, Defendants-Appellants.

No. 73-1101

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1973.

Rehearing Denied Aug. 7, 1973.

Certiorari Denied Nov. 19, 1973.
See 94 S.Ct. 540.

Jeremiah Ingels Rhodes, Eagle Pass, Tex., for defendants-appellants.

William S. Sessions, U. S. Atty., James W. Kerr, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Valerio and Salvador Santos appeal from their conviction of various violations of the Gun Control Act of 1968, 18 U.S.C.A. § 922. We affirm.

Appellants' main contention is that there was not sufficient evidence to convict them on each count of the sixteen count indictment.[1] Our review of the record convinces us that this is not true.

Appellants also contend that it was plain error for the court to fail to give a cautionary instruction as to the weight to be accorded the testimony of an accomplice without a request for such an instruction or an objection to the court's failure to give it. The answer to this contention is that the government did not rely on accomplices' testimony. The witnesses for the government may have violated Title 18, U.S.C., Section 922(a), by acquiring or assisting other purchasers to acquire weapons but each of the substantive counts, Count I through Count XV, inclusive, charged the appellants with offenses as firearms dealers in violation of Title 18, U.S.C., Sections 922(b)(3), 922(b)(5) and 922(m). If the testimony had been offered in proof of the charges against the purchasers, a cautionary instruction as to the weight to be afforded accomplices' testimony would have been appropriate. It was clearly not called for in the circumstances present here, where none of the government witnesses knowingly corroborated with or aided or abetted either appellant. As to Count XVI, the conspiracy count, there was no evidence that any government witness was a co-conspirator or collaborated in the violations of the Firearms Act by the appellants.

Affirmed.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Valerio Santos is charged with twelve substantive counts. Salvador Santos is charged with three substantive counts. Both appellants are charged in the sixteenth count of the indictment as co-conspirators.